**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

                                 Case No. 19-20730

v.

                                 HONORABLE DENISE PAGE HOOD

JOVANNI RAMIREZ,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S VARIOUS**
**MOTIONS/REQUESTS TO COMPEL OR ENFORCE**
**THE GOVERNMENT TO FILE A MOTION UNDER**
**FED. R. CRIM. P. 35(b) FOR SUBSTANTIAL ASSISTANCE**

    This matter is before the Court on Defendant Jovanni Ramirez's various letters/requests/motions to compel or enforce the Government to file a Fed. R. Crim. P. Rule 35(b) Motion for Substantial Assistance. Ramirez asserts he has provided the Government with various pieces of information to warrant a Rule 35(b) motion. He claims that proffers have been provided to the Government as to information of criminal acts by others, and yet the Government has not moved or kept its promise to file a Rule 35(b) motion to reduce Ramirez's sentence.

    On December 13, 2021, Ramirez entered into a Rule 11 Agreement with the Government to plead guilty to Count 1 of the Indictment, Advertisement of Child

Pornography, in violation of 18 U.S.C. § 2251(d)(1). (ECF No. 44) The guideline range according to the worksheets was 210-262 months. *Id.*, PageID.193. The Government agreed to recommend a sentence of imprisonment of 180 months. *Id.*, PageID.194. On July 28, 2022, the Court imposed a sentence of 180 months of imprisonment, followed by 60 months of supervised release. (ECF No. 62, PageID.346-347)

Rule 35(b), Reducing a Sentence for Substantial Assistance, provides:

**(1) In General.** *Upon the government's motion* made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.

**(2) Later Motion.** *Upon the government's motion* made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:

>   (A) information not known to the defendant until one year or more after sentencing;
>   (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
>   (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Fed. R. Crim. P. 35(b) (italics added).

"Generally, it is incumbent upon the United States Attorney for the district

where a defendant was sentenced to file a substantial assistance motion seeking a sentence reduction under Rule 35. The Rule explicitly states in both (b)(1) and (b)(2) that any sentence reduction for substantial assistance originates '[u]pon the government's motion.'" *United States v. Woods*, 773 F. App'x 270, 271–72 (6th Cir. 2019). "The government's refusal to file a Rule 35(b) motion is not subject to judicial review unless the defendant makes a substantial threshold showing that the government's decision was based upon an unconstitutional motive." *United States v. Washington*, 250 F. App'x 716, 718 (6th Cir. 2007) (citing *Wade v. United States*, 504 U.S. 181, 185–86 (1992) ("[S]ay, because of the defendant's race or religion," in addressing government's refusal to seek a downward departure under USSG § 5K1.1)). "A defendant is also entitled to relief if the prosecutor's refusal to file a substantial-assistance motion is not rationally related to any legitimate Government end." *United States v. Davenport*, 465 F. App'x 500, 503 (6th Cir. 2012) (citing *Chapman v. United States*, 500 U.S. 453, 464–65 (1991)). "A defendant has a right to a hearing only if he makes a substantial threshold showing of an unconstitutional motive." *United States v. Bagnoli*, 7 F.3d 90, 92 (6th Cir. 1993); *see also United States v. Moran*, 325 F.3d 790, 794 (6th Cir. 2003) ("[D]istrict courts are not required to hold hearings on Rule 35(b) motions.") (quoting *United States v. McAndrews*, 12 F.3d 273, 279 (1st Cir. 1993)). The

government is under no obligation to file a Rule 35(b) motion, and, if it does, the sentencing court is not required to grant that motion. *See United States v. Grant*, 636 F.3d 803, 816 (6th Cir. 2011) (en banc).

None of Ramirez's letters/requests/motions allege any unconstitutional motive by the Government as to why it has not filed a Rule 35(b) motion. Because Ramirez has not met the substantial threshold of alleging an unconstitutional motive by the Government for not filing a Rule 35(b) motion, Ramirez's request to compel the Government to file a Rule 35(b) motion is not subject to judicial review. The Court denies Ramirez's letters/requests/motions to compel the Government to file a Rule 35(b) motion.

Accordingly,

IT IS ORDERED that Defendant Javonni Ramirez's Letters/Requests/Motions to compel the Government to file a Rule 35(b) motion **(ECF Nos. 64, 65, 66, 67, 68, 69, 71, 73, 75, 77)** are DENIED.

IT IS FURTHER ORDERED that Defendant's Letters/Requests/Motions for a Private Investigator and to Appoint Counsel **(ECF Nos. 61, 63, 72, 76)** are DENIED in that there is no current criminal case open before the Court.

IT IS FURTHER ORDERED that Defendant's Letter/Request to change the conditions of his supervised release to not to have contact with a minor **(ECF No.**

**70)** is DENIED without prejudice. (See ECF No. 62, PageID.349, Special Conditions of Supervision) The conditions apply when Defendant is on supervised release and Defendant has yet to serve the supervised release portion of his sentence.

IT IS FURTHER ORDERED that Defendant's Motion to Rule on Motion to Compel **(ECF No. 74)** is MOOT.

s/Denise Page Hood<br>
DENISE PAGE HOOD<br>
United States District Judge

DATED:   June 18, 2025